BOUTALL, Judge.
.This is a suit for damages for personal injuries suffered as a result of a rear-end automobile collision. Liability is conceded. The sole issue is quantum. The trial court awarded plaintiff $5,000 for Mrs. Collins’ neck injuries. Defendant has appealed contending this is excessive citing to us several cases tending to show a proper award to be $2,500 or less.
In reviewing awards of quantum, we are governed by the following dictates of our Supreme Court as set out in the case of Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971):
“From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the 'much discretion’ accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.”
Our review of the record discloses the following facts: Mrs. Collins, a 49 year old housewife, was driving the community automobile on June 10, 1963, when she stopped in obedience to a red light. While so stopped her vehicle was struck in the rear by a vehicle driven by defendant’s insured. No damage was done to Mrs. Collins’ automobile, but she was jolted such that her head snapped backward and forward. She immediately experienced severe pain and went to see her family doctor, Dr. Casimer A. DiCristina, who treated her for her injuries.
Mrs. Collins had previously been in a similar accident in July 1960 and had been treated by Dr. DiCristina. At that time she suffered pain in the lower neck, upper back and shoulder. After intensive treatment she became symptom free and was discharged November 2, 1962. She suffered no more pain in those areas until the June, 1963 accident here under inquiry.
She was examined by Dr. DiCristina the day of the accident and he found muscle *563 spasm and tenderness in both paracervical muscle groups, pain on motion with a reduced range of motion, together with a headache. He characterized her condition as a severe whiplash type of injury. He had x-rays taken which demonstrated that Mrs. Collins had developed some bony changes in her cervical spine since his previous treatment of her, which he characterized as traumatic arthritis resulting from that prior accident.
He again embarked upon a course of intensive treatment similar to that which had previously been successful, that is diathermy, ultra sound, muscle relaxants and analgesics. By September 25, 1963, he had afforded her some 66 visits and treatments, supplemented by the patient treating herself at home, but she still continued to have considerable pain. At that time he felt that she had progressed as far as she was going to under his treatment, and although she was not symptom free, he discharged her feeling he could benefit her no further. Because of the degenerative changes in her spine, he felt that perhaps there was some encroachment on the nerves themselves. He recommended that she see a neuro-surgeon.
Mrs. Collins and her husband both testified consistently with Dr. DiCristina. They described her condition as being almost constantly painful. While not bedridden, she was very restricted in her activities, both at home and outside. In addition to Dr. DiCristina, Mrs. Collins occasionally visited Dr. George Battalora, Jr. for additional medical help. He prescribed traction in addition to her current treatment. Additionally she visited St. Claude General Hospital on several occasions, returned to Dr. DiCristina October 25, 1963, and even attended a chiropractor seeking relief.
In May, 1964 Mrs. Collins was involved in another automobile accident and suffered severe onset of her painful symptoms and renewal of intensive treatment. No recovery is sought by her for that accident, but it is simply reported to explain that Mrs. Collins’ later condition was not due only to the 1963 accident. It is clear she continued to suffer pain to the date of that occurrence.
It is further noted that after the 1963 accident, Mrs. Collins experienced considerable difficulty with her eyesight and was treated by Dr. Boswell of the Baldone-Bos-well Eye Clinic. Although there was no testimony by the doctor of collision-related injury the trial judge did award her the medical expense incurred.
Although the only medical testimony in the record is that of Dr. DiCristina, who could rely only on his records (trial was 10 years after the accident), the record shows that Mrs. Collins suffered severely for some three months or so, and moderately after that, still continuing to suffer one year post accident, at which time a new accident increased her injuries. We cannot say the trial judge erred in awarding $5,000 damages under these facts.
Appellant calls to our attention a bill for a surgical collar in amount of $8.76 ordered June 2, 1964 as evidence of untruthfulness or confusion in the testimony of Mr. and Mrs. Collins that Mrs. Collins was wearing a cervical collar after the 1963 accident. However, she testified she had one from the 1960 accident and resumed wearing it. Nevertheless, it does appear that this amount should not have been* awarded as special damages and we will delete it.
For the foregoing reasons, we are of the opinion that the judgment, appealed from be affirmed, except for the sum of $8.76 which is now deleted, at the costs of appellant.
Amended and affirmed.